UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MARK R. BROWNING,<br><br>              Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,<br><br>              Defendant. | CIV. 13-5038-JLV<br><br>ORDER GRANTING MOTION FOR EAJA FEES |

      The court previously entered an order: (1) granting in part and denying in part plaintiff Mark Browning's motion to reverse the decision of the Commissioner of the Social Security Administration ("Commissioner"); (2) denying the defendant's motion to affirm the decision of the Commissioner; and (3) remanding the case for further administrative proceedings. (Docket 21). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, counsel for Mr. Browning timely moved for an award of attorney's fees and expenses. (Docket 23). Mr. Browning seeks an award of $5,254.11 in attorney's fees and $400 in costs, representing the district court filing fee, payable from the judgment fund. (Dockets 23-1 at p. 4; 25 at pp. 3-4). The Commissioner opposes Mr. Browning's motion. (Docket 24). For the reasons stated below, the court grants Mr. Browning's motion.

**DISCUSSION**

      Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses[1] incurred in any civil action brought by or

---

[1] Fees and expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project

against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A party seeking such an award must comply with the following requirements: (1) the party must file an application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within 30 days of final judgment in the case;[2] (3) the party must indicate the amount sought and provide an itemized statement in support; and (4) the party must allege the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  Id.

The court finds Mr. Browning fully complied with the requirements of the EAJA.  Mr. Browning is the prevailing party under the court's reversal and remand order and subsequent judgment.  (Dockets 21 & 22); see Larson v. Astrue, Civil No. 06-1734 PJS/FLN, 2008 WL 2705494, at *2 (D. Minn. July 9,

---

which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ."  28 U.S.C. § 2412(d)(2)(A).

[2]"The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."  U.S. E.E.O.C. v. Mid-Minnesota Fed. Credit Union, 820 F. Supp. 432, 434 (D. Minn. 1993) (quoting Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991)).  Under the Federal Rules of Appellate Procedure, a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity."  Fed. R. App. P. 4(a)(1)(B).

2008) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)) ("The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted."). Mr. Browning filed his motion for fees and expenses within the EAJA's 30-day window following the close of the appeal period. (Docket 23). His attorney set forth the amount requested and properly provided an itemized log detailing the actual time expended in this case. (Dockets 23-3; 25 at p. 3).

The heart of the parties' dispute centers around the fourth requirement of the EAJA—whether the position of the Commissioner was substantially justified. The court notes the government at all times bears the burden of proving its position was substantially justified. Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). A social security claimant may be the prevailing party for purposes of the EAJA, yet still not be entitled to an award of fees if the government's position was substantially justified. "A position enjoys substantial justification if it has a clearly reasonable basis in law and fact." Id. A loss on the merits by the government does not create a presumption that it lacked substantial justification for its position. Id. This distinction is explained as follows:

> The district court correctly recognized that "fees are not . . . awarded just because the Secretary [loses a] case." The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. This is so because the substantial evidence and substantial justification standards are different. Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. Because the standards are "neither semantic nor legal equivalents," the Secretary can lose

3

> on the merits of the disability question and win on the application for attorney's fees.

Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (internal citations omitted).

The court finds the government cannot meet its burden of showing substantial justification for its position. The government's position was not well founded in fact or law, as explained in the court's reversal and remand order. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) ("The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact*, solid though not necessarily correct.'") (citation omitted) (emphasis in original). In its reply to Mr. Browning's motion for attorney's fees, the government largely reargues its position taken in support of its motion for an order affirming the decision of the Commissioner. Compare Docket 19, with Docket 24. At the outset, the court notes the administrative law judge ("ALJ") provided conflicting dates regarding the date Mr. Browning's disability ended and when his medical improvement occurred and a remand was necessary to clarify this discrepancy. (Docket 21 at pp. 34-35).

The ALJ's assessment of Mr. Browning's credibility in light of Mr. Browning's residual functional capacity ("RFC") was not substantially justified. The ALJ reasoned Mr. Browning's statements were not credible to the extent they were inconsistent with the RFC as determined by the ALJ. The ALJ determined, after assigning great weight to the opinions of occupational therapist Kathleen Boyle, that Mr. Browning had the RFC to sit for four hours per day and dynamically and statically stand for four hours per day. Id. at 29. Nonetheless, the ALJ determined Mr. Browning could perform sedentary work, which generally requires six hours of sitting in an eight-hour day. Neither Ms.

4

Boyle, Dr. Frost, Mr. Browning's treating physician, nor Mr. Browning opined Mr. Browning could sit for six hours a day, five days a week.

The ALJ's other rationale for finding Mr. Browning's statements not credibile to the extent they differed from the ALJ's RFC assessment also fail to provide substantial justification for the Commissioner's position.   The ALJ discredited Mr. Browning's statements because no further surgery was recommended for Mr. Browning.   However, Mr. Browning's underlying diagnoses (degenerative disc disease, failed laminectomy syndrome and chronic low back pain) remained unchanged, only the course of treatment was altered.   The ALJ discredited Mr. Browning's statements of pain due to Mr. Browning performing activities of daily life, including laundry, vacuuming, cooking, getting groceries, gardening, reading, and caring for his pets.   However, Mr. Browning also reported experiencing pain when doing the dishes, laundry and vacuuming.  See Brosnahan v. Barnhart, 336 F.3d 671, 677 (8th Cir. 2003) ("[T]he ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity.") (citation omitted).   The Commissioner's position regarding the ALJ's assessment of Mr. Browning's credibility in light of the flawed RFC assessment and the referenced considerations was not substantially justified.

The ALJ relied on flawed vocational expert testimony.   As made clear above, the ALJ concluded Mr. Browning could perform sedentary work despite only being able to sit for four hours per day.   The vocational expert initially opined that sufficient jobs existed nationally and locally for a person with Mr. Browning's attributes to perform unskilled, sedentary work.   (Docket 21 at

5

30-31.  However, the vocational expert clarified, when asked by Mr. Browning's attorney, that no such jobs existed for a person who, like Mr. Browning, could only sit for four hours and was required to stand for the rest of the day.  Id. at 31.  The ALJ relied on flawed vocational expert testimony.  See Pratt v. Sullivan, 956 F.2d 830, 836 (8th Cir. 1992) ("Testimony elicited by hypothetical questions that do not relate with precision [to] all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.") (citation omitted).  The Commissioner's attempt to ignore the initial inquiry of Mr. Browning's attorney on this matter and characterize the question as whether "a person who was limited to only seven hours of work . . . could perform a full eight hour work day" was not a substantially justified litigation position.  (Docket 19 at p. 9).

      The ALJ gave little, if any, weight to the opinions of Dr. Frost.  The ALJ merely stated he had "taken into consideration the opinion of the claimant's treating source . . . however this opinion appears to be based on the claimant's subjective complaints, as treatment records . . . do not support such extreme limitations."  See AR at 37.[3]  Although Dr. Frost's opinions differ from those of Ms. Boyle, his opinions were based on more than Mr. Browning's subjective complaints of pain.  Dr. Frost performed his own clinical tests on Mr. Browning, and he reviewed Mr. Browning's previous MRIs, X-rays, past medical records, pain diary, past surgeries, list of medical conditions, medication list and medication summary.  See Docket 21 at pp. 14, 17 (The court thoroughly

---

[3]The court cites to information in the administrative record as "AR at p. ___."

reviewed Mr. Browning's extensive medical history.).  Dr. Frost's opinions regarding Mr. Browning's diagnoses and the cause of his pain are also consistent with Mr. Browning's three prior physicians.  See id. 14-17.  Finally, in determining the appropriate amount of weight to give Dr. Frost's opinions, as Mr. Browning's treating physician, the ALJ was required to consider all of the factors articulated in 20 CFR § 404.1527(c).  See 20 CFR § 404.1527(c).  ("[W]e consider all of the following factors in deciding the weight we give to any medical opinion.").  Neither the ALJ's one-sentence dismissal of Dr. Frost's opinions nor the Commissioner's brief in support of its motion to affirm the decision of the Commissioner provided any indication that all of the § 404.1527(c) factors were considered.  See AR at 37; Docket 19 at pp. 6-9 (ignoring all of the 20 CFR § 404.1527(c) factors except those found in (c)(3) & (4)).  The Commissioner cannot pick and choose which factors she applies when determining the weight to give to a treating physician.  All of the factors must be considered and weighed against each other.

Because the Commissioner's position was not substantially justified, an award of fees and expenses under the EAJA is proper.  Mr. Browning's attorneys requested attorney's fees for 28.7 hours spent working on Mr. Browning's case, see Dockets 23-3 (26.1 hours) & 25 at p. 3 (noticing an additional 2.6 hours for time spent briefing a reply for the EAJA motion), at an hourly rate of $183.07.[4]

---

[4]The $183.07 hourly rate requested by Mr. Browning's attorneys represents the maximum $125 hourly rate called for by 28 U.S.C. § 2412(d)(2)(A), increased to reflect the rise in the cost of living as identified in the Consumer Price Index.

7

(Docket 23-1 at p. 4). Mr. Browning requests a total of $5,254.10 in attorney's fees.[5] Mr. Browning also requests $400 in costs representing the district court filing fee payable from the judgment fund. Id. The Commissioner did not object to the hours worked by Mr. Browning's attorneys[6] or the hourly rate requested or the $400 in costs. See Docket 24 at p. 1. The court finds the hourly rate requested by Mr. Browning's attorneys is acceptable and further finds the 28.7 hours expended by Mr. Browning's attorneys is reasonable and in line with the complexity of this case.

Based on the above, it is

ORDERED that plaintiff's motion (Docket 23) is granted. Plaintiff is awarded $5,254.10 in attorney's fees and $400 in costs representing the district court filing fee, payable from the judgment fund.

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

---

[5]The court rounded the total attorney's fee award requested by Mr. Browning down by one cent.

[6]The court notes the Commissioner's reference to Mr. Browning's attorneys working 78.72 hours in the case but seeking compensation for only 66.9 hours of work is in error. (Docket 24 at p. 1 n.1).

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Mark R. Browning but delivered to plaintiff's attorney Rick A. Ribstein, 621 6th Street, Brookings, South Dakota 57006.

Dated March 30, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE